# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                            **Case No.  6:08-cr-46-Orl-31DAB**

**MATTHEW WILLIAM DOKTOR**

_____

## Memorandum Sentencing Opinion

Having plead guilty to one count of possessing child pornography, Matthew Doktor came

before me for sentencing on December 16, 2008.  Starting with a base score of 18, and adding the

usual enhancements[1], less credit for acceptance of responsibility, Mr. Doktor had a total offense

level of 25 under the United States Sentencing Guidelines ("USSG").[2]  He has no prior criminal

history, so his criminal history score was I.  A score of 25-I produces a Guideline sentencing range

of 57-71 months.  After a lengthy hearing and considering all of the 18 U.S.C. § 3553(a) factors,

as well as recent case law, the Court imposed a sentence of 36 months followed by 10 years of

supervised release.[3]

At the conclusion of the sentencing proceeding, the government objected to the sentence

on "procedural" grounds, contending that the Court failed to give proper weight to the Sentencing

---

[1]+2 for prepubescent minors; +4 for portrayal of sadistic content; +2 for use of a computer, and +2 for the number of images.

[2]USSG § 2G2.2

[3]The basis for the Court's sentence was thoroughly stated in open court.

Guideline score.[4]  This objection was apparently based on statements made by the Court

concerning the efficacy of Sec. 2G2.2.[5]

The government's objection is without merit and fails to acknowledge recent Supreme

Court precedent that confirms the District Court's right to consider the weight to be given the

Guideline score in the context of applying the 18 U.S.C. 3553(a) factors.  While the Court must

properly calculate the Sentencing Guidelines score and consider it as the starting point in the

analysis, there is no specific weight that must be accorded to it.  *See Gall v. United States*, 128

S.Ct. 586, 596-97 (2007).  Indeed, the weight to be given the Guidelines score lies within the

Court's discretion, when considered in the context of the Section 3553(a) factors, i*d.* at 597, and

may include policy-related criticism of the particular Guideline itself, *Kimbrough v. United States*,

128 S.Ct. 558, 565 (2007) (upholding below-Guidelines sentence in crack cocaine case where trial

court criticized the "disproportionate and unjust effect that crack cocaine guidelines have in

sentencing" and contrasted Guidelines ranges for equivalent amounts of crack and powder

cocaine).

Accordingly, the government's objection is overruled.

---

[4]Since the Court correctly calculated the Guideline score and considered the Guideline sentencing range, the government's objection to the sentence is not procedural. Rather, the Court will consider the objection as substantive in nature.

[5]In essence, the Court was critical of the Guideline because it was not based on empirical data or the sentencing expertise of the Commission. *See* Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines*, available at http://www.fd.org/pdf_lib/Deconstructing%20the%20Child%20Pornography%20Guidelines%.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 19, 2008.


Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Matthew William Doktor

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE